**UNITED STATES of America, Plaintiff,**

v.

**Carolyn WRIGHT, Defendant.**

**No. Civ. PJM 99–2336.**

United States District Court, D. Maryland.

March 1, 2000.

Lynne A. Battaglia, Tamera Lynn Fine, U.S. Attorney's Office, Baltimore, MD, for plaintiff.

### MEMORANDUM OPINION

MESSITTE, District Judge.

I.

This case arises from a defaulted student loan funded by the Department of Education under Title IV–B of the Higher Education Act of 1965, as amended 20 U.S.C. § 1001 et seq. Defendant Carolyn A. Wright has filed a Motion for Summary Judgment arguing that Plaintiff United

States ("the Government") cannot prove that it made the loan as well as its delay in prosecuting this case. The Government has moved for Cross–Summary Judgment, arguing that the evidence clearly establishes that Wright received the loan and defaulted on repayment. Having considered the parties' respective Motions, the Court will DENY Defendant Wright's Motion and GRANT the Government's Motion.

## II.

The Government alleges that Wright, then known as Carolyn A. Bradley, executed a promissory note to secure a guaranteed student loan in the principal amount of $2,625.00 on or about August 31, 1987 at Perpetual American Bank in Silver Spring, Maryland. On April 27, 1989, Wright defaulted on repayment and, despite a total of forty-four (44) letters sent to her since then, the Department of Education has been unable to collect the balance due on the note. Eight years later, on April 17, 1999, a final demand letter was sent by the Department of Education, but Wright failed to respond. This action followed.

In her Reply/Opposition to the Government's Cross–Motion, Wright by affidavit says that "to the best of [her] knowledge," she did not apply for a student loan or sign a promissory note for the same. This obviously spurious attempt to create an issue of material fact comes too late. Allegations made in a Complaint that are not denied by an Answer are admitted. Fed. R.Civ.P. 8(d); Gregory C. Hazard, Jr. et al., PLEADING AND PROCEDURE: STATE AND FEDERAL CASES AND MATERIALS 662–63 (8th ed.1999). Since Wright did not dispute execution in her Answer, she cannot be heard to allowed to argue it in later pleadings.[1]

## III.

When presented with cross-motions for summary judgment, the court must rule on each party's motion on an individual basis, determining, in each case, whether judgment as a matter of law may be entered. *Federal Savings and Loan Ins. Corp. v. Heidrick,* 774 F.Supp. 352, 355 (D.Md. 1991); *Towne Management Corp. v. Hartford Accident and Indemnity Co.,* 627 F.Supp. 170, 171 (1985). Summary judgment is only appropriate if there is no genuine issue of material fact and the record shows that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether facts are disputed, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *See Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Applying these standards and procedures, the Court will first consider Wright's Motion, and then the Government's Cross–Motion.

### A. Defendant Wright's Motion for Summary Judgment

Wright bases her Motion on two distinct grounds: (1) the Government has not provided adequate proof that she received the loan in question and (2) it has waived its right to repayment by failing to act within a reasonable amount of time from the date of her purported default. She argues that the delay unfairly prejudices her ability to defend in this case. Wright, however, fails to cite any case law to support the conclusion that either of these grounds is a defense to this action.

The Government's records have shown that Wright signed the promissory note—a fact that Wright did not dispute in her

---

1. On the last page of her Answer, Wright contests "the validity of the signed page," while simultaneously conceding that the signature on the promissory note appears to be hers. Her contradictory positions are not suf- ficient to raise a genuine issue of material fact. Indeed, she does not deny that the Social Security number associated with the signed promissory note and the additional correspondence is hers.

Answer—and a loan in the amount of $2,625.00 was disbursed to Wright. Two different loan analysts for the Department of Education have certified that Department records show that Wright is indebted to the Government for repayment of her student loan. The documentation further indicates that multiple attempts were made to collect on the defaulted loan and at no time during the collection process did Wright notify the Government that it either had the wrong individual or that she had not received the loan. Wright offers no evidence that after the note was signed, she contacted the Perpetual American Bank to void it. While the canceled loan check has not been provided, the other Government documentation sufficiently establishes that Wright signed for and received the loan proceeds.

■ Furthermore, Wright's defense that the Government has waived it right to pursue this claim is not viable. There is no statute of limitations that applies to the collection of defaulted student loans financed, insured, and guaranteed by the Department of Education. It is clear from the records that the Department of Education has diligently pursued repayment since acquiring the loan from Perpetual in 1993 and has sued at an appropriate time.

### B. Government's Motion for Summary Judgment

■ The Government argues that it is entitled to judgment as a matter of law because (1) the loan documentation conclusively shows that a valid promissory note was signed by Wright and (2) Wright has failed to pursue any administrative remedies available to her to discharge the loan.

■ As already discussed, the documentation presented by the Government and Wright's concession in her Answer indicate that she did in fact sign and subsequently default on the loan at issue in this case. Equally significant is Wright's failure to avail herself of any administrative discharge as provided by statute. *See* 20 U.S.C. § 1087(c). An individual who believes a loan was fraudulently signed or obtained in her name may seek discharge from the Secretary of Education but must follow the procedures outlined in the Code of Federal Regulations. *See* 34 C.F.R. § 685.213 (1994). Only the Secretary, not this Court, has discretion to discharge the loan. *See In re Bega,* 180 B.R. 642 (BkrtcyD.Kan.1995). Wright did not pursue this administrative relief. There is thus no genuine issue as to whether or not Wright is liable for repayment of the student loan. She is, as a matter of law.

In sum, the Court DENIES Defendant's Motion for Summary Judgment, GRANTS Plaintiff's Cross–Motion for Summary Judgment, and DIRECTS Plaintiff to submit a calculation of the sum of the principal, prejudgment interest, fees and costs, and penalties incurred between the date of the loan's default and the date of this Memorandum Opinion so that final judgment may be entered in Plaintiff's favor in an appropriate amount.

A separate Order implementing this Opinion will be entered.

### ORDER

Upon consideration of the Defendant's Motion for Summary Judgment and the Plaintiff's Cross–Motion for Summary Judgment and for the reasons stated in the accompanying Memorandum Opinion, it is this 1 day of March 2000

ORDERED:

(1) Defendant's Motion for Summary Judgment is DENIED;

(2) Plaintiff's Cross–Motion for Summary Judgment is GRANTED:

(3) Plaintiff is DIRECTED to file with the Court a calculation of the sum of the principal, prejudgment interest, fees and costs, and penalties incurred between the date of the loan's default and the date of this Order within 30 days so that final judgment may be entered in an appropriate amount.