In re Pamela Sue BEGA, Debtor.

Pamela Sue BEGA, Plaintiff,

v.

U.S. DEPARTMENT OF EDUCATION, Sallie Mae—Kansas, Southern Technical College and/or assigns and representatives, First Interstate Bank of Oklahoma, and Student Loan Guarantee Foundation of Arkansas, Inc., Defendants.

Bankruptcy No. 94–11294–7.
Adv. No. 94–5270.

United States Bankruptcy Court,
D. Kansas.

April 17, 1995.

Tom D. Fulzenloger, Wichita, KS, for debtor/plaintiff.

Arden P. Miller, Mellor & Miller, P.A., Wichita, KS, Connie M. Meskimen, Little Rock, AR, for defendant SLGFA.

D. Michael Case, Trustee, Wichita, KS.

## MEMORANDUM OPINION AND ORDER

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the Amended Complaint to Determine Dischargeability of Debt filed by Pamela Sue Bega ("plaintiff") to determine the dischargeability of a student loan debt under 20 U.S.C. § 1087(c). A scheduling conference was held on January 9, 1995. Plaintiff was represented by and through her attorney, Tom D. Fulzenloger. Defendant Student Loan Guarantee Foundation of Arkansas, Inc. ("SLGFA") was represented by and through its attorney, Arden P. Miller. Upon the subsequent filing of stipulations and briefs by the parties, the Court took the matter under advisement.

### JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

### FINDINGS OF FACT

The parties stipulated to the following facts. Plaintiff received her discharge in the above-captioned Chapter 7 bankruptcy on October 21, 1994. She filed the instant adversary proceeding to determine the dischargeability of a student loan. All other defendants in this proceeding, not including SLGFA, failed to answer or otherwise plead, and the Court sustained plaintiff's Motion for Default Judgment regarding all other defendants.

SLGFA is a not-for-profit corporation which guarantees repayment of student loans made by private lenders under the Higher Education Act, Title 20 U.S.C. §§ 1071 et seq. SLGFA holds an assignment and guarantee of an educational loan obtained by plaintiff. The loan obligation is a federally

insured student loan that first became due less than seven years before the filing of the bankruptcy petition. The record does not establish when plaintiff received the loan.

Plaintiff used the loan to attend Southern Technical College ("STC") for training in electronic laser and robotics in order to receive a diploma in that field. Before she completed her course work there, the institution closed without prior notice or warning to either her or SLGFA. As a result, plaintiff did not complete the remaining two months of training and education. Plaintiff has been unable to contact any STC representative in order to attend any other affiliated school and complete the education for which the loan obligation was incurred. Plaintiff has not made an attempt to transfer to any other institution to complete her training and education.

## CONCLUSIONS OF LAW

Plaintiff contends that the loan is dischargeable under the Higher Education Act, 20 U.S.C. § 1087(c), as amended in July of 1992. She has not prayed for a hardship discharge under 11 U.S.C. § 523(a)(8)(B) and acknowledges that she is not entitled to a discharge under 11 U.S.C. § 523(a)(8)(A).

Plaintiff, however, has asked this Court to construe 20 U.S.C. § 1087(c)(1) as another means by which this Court can discharge her educational loan. That statute states in pertinent part that:

> If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part was falsely certified by the eligible institution, then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation

pursuant to the financial responsibility authority under subpart 3 of part G.

20 U.S.C. § 1087(c)(1).

Although this statute was enacted for the benefit of students like plaintiff, the statute does not give plaintiff a private cause of action. *Williams v. National School of Health Technology, Inc.*, 836 F.Supp. 273, 279 (E.D.Penn.1993). In *Williams*, the court noted that:

> It is uncontested that the loan discharge provisions were enacted for the benefit of students such as the plaintiff. That conclusion alone, however, is not sufficient to imply a right of action to enforce the provisions. Where a statute provides an administrative enforcement mechanism, it is presumed that Congress did not mean to create a private right of action.

*Id.* (footnote omitted). The statute creates a duty on the part of the Secretary of Education to discharge certain loans, thus indicating that Congress intended to vest enforcement of the 1992 amendments with the Secretary. *Id.* at 280. The Secretary of Education is in the best position to make the factual determinations necessary to decide whether or not plaintiff's loan should be discharged under 20 U.S.C. § 1087(c). In addition, the statute clearly states that the Secretary of Education shall make these factual determinations and grant or deny a discharge.

Therefore, assuming the statute is applicable to plaintiff in this case[1], the plain language of the statute gives the borrower a course of action against the Secretary of Education for a discharge of her loan. The stipulated facts in this case are void of any evidence that plaintiff has contacted the Secretary of Education and/or jumped through any of the administrative hoops in order to receive a discharge. The Code of Federal Regulations sets forth the procedure that must be followed to make a claim under 20 U.S.C. § 1087(c). *See* 34 C.F.R. § 685.213 (1994). The regulations proscribe what information the borrower must submit to the Secretary in the form of a written request and sworn statement. *Id.*

---

1. The parties submitted this matter on stipulations and briefs in which they fail to prove that the loan was received after January 1, 1986. If the loan was received before January 1, 1986, the statute would not even be applicable.

The Court finds that 20 U.S.C. § 1087(c) does not give plaintiff a cause of action to bring a dischargeability proceeding before this Court. Plaintiff will need to follow the administrative regulations in order to obtain a discharge of her loan from the Secretary of Education. If the Secretary grants plaintiff a discharge of this loan, the debt would be eradicated, rendering a determination of dischargeability unnecessary.

**IT IS THEREFORE ORDERED BY THE COURT** that judgment shall be for Student Loan Guarantee Foundation of Arkansas, Inc., on plaintiff's Amended Complaint to Determine Dischargeability of Debt.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.