Eugene GREEN, Jr., Plaintiff,

v.

UNITED STATES of America/United States Department of Education, Defendant.

No. 1:99cv53-C

United States District Court, W.D. North Carolina, Asheville Division.

Feb. 9, 2000.

David G. Gray, Westall, Gray & Connolly, Asheville, NC, for plaintiff.

James M. Sullivan, AUSA, U.S. Attorney's Office, Charlotte, NC, for defendant.

## MEMORANDUM OF DECISION

COGBURN, United States Magistrate Judge.

**THIS MATTER** is before the court upon defendant's Motion to Dismiss the complaint and Motion for Summary Judgment in favor of United States on its counterclaim. Plaintiff has filed a response to those motions, and defendant has filed a reply. Having considered those motions and reviewed the pleadings, the court enters the following findings, conclusions, and decision in accordance with 28, United States Code, Section 636(c), and Rule 73(b), Federal Rules of Civil Procedure.

## FINDINGS AND CONCLUSIONS

### I. Standards

#### A. Motion to Dismiss

Defendant has moved for dismissal of plaintiff's complaint pursuant to Rule

12(b), Federal Rules of Civil Procedure, contending that this court lacks jurisdiction over the subject matter of that complaint and that plaintiff has failed to state a cognizable claim. Rule 12(b) authorizes dismissal based upon a dispositive issue of law. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 1832, 104 L.Ed.2d 338 (1989); *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). As the Court discussed in *Neitzke:*

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts ... a claim must be dismissed, without regard to whether it is based on outlandish legal theory.... What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

*Id.,* at 1832 (citation omitted). For the limited purpose of ruling on defendant's motion, the court has accepted as true the facts alleged by plaintiff in the complaint and viewed them in a light most favorable to plaintiff.

### B. Motion for Summary Judgment

Defendant has also moved for entry of judgment on its counterclaim. On a motion for summary judgment, the moving party has the burden of production to show that there are no genuine issues for trial. Upon the moving party's meeting that burden, the nonmoving party has the burden of persuasion to establish that there is a genuine issue for trial.

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a *genuine issue for trial.*" Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving [sic] party, there is no "genuine issue for trial."

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (citations omitted; emphasis in the original) (quoting Fed.R.Civ.P. 56). There must be more than just a factual dispute; the fact in question must be material and readily identifiable by the substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). By reviewing substantive law, the court may determine what matters constitute material facts. *Anderson, supra.* "Only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Id.* at 248, 106 S.Ct. 2505. A dispute about a material fact is "genuine" only if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id.*

> [T]he court is obliged to credit the factual asseverations contained in the material before it which favor the party resisting summary judgment and to draw inferences favorable to that party if the inferences are reasonable (however improbable they may seem).

*Cole v. Cole,* 633 F.2d 1083, 1092 (4th Cir.1980). Affidavits filed in support of a motion for summary judgment are to be used to determine whether issues of fact exist, not to decide the issues themselves. *United States ex rel. Jones v. Rundle,* 453

F.2d 147 (3d Cir.1971). When resolution of issues of fact depends upon a determination of credibility, summary judgment is improper. *Davis v. Zahradnick,* 600 F.2d 458 (4th Cir.1979).

## II. Factual Background

### A. Plaintiff's Claim

There are no genuine issues of material fact.[1] Plaintiff applied for a student loan at First American Savings, Inc., through the Federal Family Education Loan Program ("FFEL"). *See* 20 U.S.C. §§ 1071, *et seq.* Based upon that application, plaintiff was granted an educational loan in the amount $2,625 which was guaranteed by the government. Subsequent to his default, the government assumed the obligation from the private lender and commenced collection procedures. Contending that the loan was paid for instruction he never received, plaintiff seeks injunctive and declaratory relief that would bar the United States from collecting past-due payments on his student-loan account. In the counterclaim, the defendant seeks to reduce the defaulted obligation to a judgment.

While he secured the educational loan for a truck-driving program at Blanton's Junior College ("Blanton's"), applied for admission, and signed a promissory note, plaintiff contends that (1) he never attended the college because he secured a job at Eaton; (2) Blanton's had no right to apply the loan proceeds to his tuition bill; and (3) the government now has no right to collect from him money it improperly paid to Blanton's. In support of such contentions, plaintiff states, and the court has accepted as true for purposes of the Rule 12 motion, that plaintiff canceled his application to Blanton's and was advised by

personnel at the college that his loan application would not be processed and would be canceled. Complaint, at 1–2. When he was notified of his default, he talked with personnel at the college. Blanton's advised him that the error would be corrected and provided him with a refund of funds that were withheld from his tax refund. Subsequent to such controversy, Blanton's closed its doors and failed to otherwise resolve his claim.

### B. Amount of the Underlying Obligation

On November 2, 1987, plaintiff signed a promissory note for an FFELP loan in the amount of $2,625 to attend Blanton's Junior College. This note has been presented to the court in support of defendant's motion. Defendant's Memorandum in Support, Exhibit A. The loan was made by First American Savings, Inc., guaranteed by the Higher Education Assistance Foundation ("HEAP"), and reinsured by the Department of Education.

On November 10, 1987, a check was issued to Eugene Green and Blanton's Junior College. The check was in the amount of the loan, less certain fees. In October 1989, plaintiff defaulted on his loan obligation. Consequently, the holder of the defaulted note filed a claim with the guaranty agency, which paid the loan holder $2,625 in principal and $308.94 in then-accrued interest. The guaranty agency was then reimbursed for that claim by the Department of Education upon reassignment of the obligation on May 7, 1993. While plaintiff has made conclusory and unsupported statements that his obligation has been greatly reduced by tax offsets and wage garnishments, the undisputed accounting provided by defendant indi-

---

1. There is a factual dispute as to plaintiff's start date with Eaton. Whether plaintiff began his employment with Eaton on the date he has alleged or on the date indicated by Eaton's business records is not material to the resolution of this case.

cates that as of November 29, 1999, plaintiff owed the Department of Education $2,630.78, which included $2,159.68 in principal and $471.10 in interest.

## III. Discussion

### A. Defendant's Motion to Dismiss

#### 1. Rule 12(b)(1): Subject–Matter Jurisdiction

■ Defendant first contends that jurisdiction over the subject matter of plaintiff's complaint is lacking because he seeks to enjoin defendant in relation to its collection efforts. As a matter of law, injunctive relief is prohibited by the anti-injunction provision of the Higher Education Act of 1965 ("HEA"). Inasmuch as the federal government is a sovereign, suits against it are limited to the extent that governmental immunity has been waived. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961 (1983). Section 432(a)(2) of the HEA waives sovereign immunity by allowing the Secretary to "sue and be sued"; however, the Act forbids injunctions against the Secretary. 20 U.S.C. § 1082(a)(2). An action that seeks to prohibit the government from collecting a debt seeks injunctive relief—a type of action over which this court lacks subject-matter jurisdiction because the government continues to enjoy sovereign immunity from suit as to such claims in accordance with Section 432(a)(2) of the HEA. This court, therefore, will dismiss this action as a matter of law for lack of subject-matter jurisdiction. *See Thomas v. Bennett,* 856 F.2d 1165, 1168 (8th Cir.1988); *Bartels v. Alabama Commercial College,* 918 F.Supp. 1565, 1574 (S.D.Ga.1995), *aff'd,* 189 F.3d 483 (11th Cir.1999).

#### 2. Rule 12(b)(6): Failure to State a Cause of Action

As an alternative basis for dismissal, defendant contends that plaintiff has failed to state a cognizable claim for relief. In support of that contention, defendant argues that while plaintiff may or may not have a valid dispute with Blanton's concerning enrollment or a refund, such grievances cannot be affirmatively asserted in a civil action to bar collection of an obligation owing to the United States.

■ The thesis of plaintiff's claim is quite appealing to the equities found in the law, *i.e.,* that Blanton's improperly retained the proceeds of his FFEL Program loan. Implicit in such claim is a contention that the government or its predecessors in interest on the obligation should have been aware of Blanton's financial condition or its inappropriate handling of funds garnered through student loans.

In the jargon of past-due student loans, claims such as those asserted by plaintiff are referred to as school-related grievances. Courts have generally recognized a dichotomy between the student/school enrollment agreement and the student/lender loan agreement. *See Bartels, supra.* This distinction in agreements or contracts prevents the assertion of school-related grievances in the repayment of student loans because there is no privity between the school and the lender.

In providing funds for attendance at an institution of higher education, the Department of Education does not guarantee or in any way control the actions, conduct, or quality of the institution. It is no defense to a debt that the student was unhappy with his selection of a school, that the school did not provide the student with an education, or even that the institution misappropriated tuition.

■ Congress, however, has not turned a blind eye to the growing problem with federally guaranteed loans made to students who end up at fly-by-night or

insolvent schools offering post-secondary education. Section 437(c) has been amended to provide for *administrative* discharge of loan amounts that should have been satisfied by refunds owed, but not paid, by schools attended by borrowers. 20 U.S.C. § 1087(c). Claims for relief under § 437(c) must be presented through the administrative process and *cannot* be asserted as defensive claims in civil collection litigation such as this. *See In re Bega,* 180 B.R. 642 (D.Kan.1995). As discussed in the previous section, injunctive or declaratory relief is prohibited, and while the HEA may provide plaintiff with an administrative remedy, there simply is no private right of action under the HEA. *Labickas v. Arkansas State University,* 78 F.3d 333, 334 (8th Cir.1996). Plaintiff has presented no evidence he contacted the Secretary or availed himself of the administrative process in order to receive a refund. Finding that plaintiff has not and cannot state a cognizable claim, the court, as an alternative basis to Rule 12(b)(1), also dismiss this action in accordance with Rule 12(b)(6).

## B. Defendant's Motion for Summary Judgment

The defendant submitted a counterclaim seeking reduction of plaintiff's defaulted obligation to a judgment. Plaintiff never filed a reply to that counterclaim. *See* Fed.R.Civ.P. 12(a)(2).[2] The court has not relied upon that procedural misstep, but has, instead, considered the merits of defendant's motion.

■ This court's first concern is whether the requested relief would in any way interfere with access to the administrative remedy afforded by the recent amendments to Section 437(c). Section 1087(c) provides, in relevant part, as follows:

(c) Discharge

(1) In general

If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part [§ 20 U.S.C.A. 1071 et seq.] was falsely certified by the eligible institution, or if the institution failed to make a refund of loan proceeds which the institution owed to such student's lender, then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation pursuant to the financial responsibility authority under subpart 3 of part G [§ 20 USCA 1099c et seq.]. In the case of a discharge based upon a failure to refund, the amount of the discharge shall not exceed that portion of the loan which should have been refunded.

\*    \*    \*    \*    \*    \*

(2) Assignment

A borrower whose loan has been discharged pursuant to this subsection shall be deemed to have assigned to the United States the right to a loan refund up to the amount discharged

---

**2.** Rule 12(a)(2) provides, in relevant part, that a "plaintiff shall serve a reply to a counterclaim in the answer within 20 days after service of the answer, or, if a reply is ordered by the court, within 20 days after service of the order, unless the order otherwise directs."

against the institution and its affiliates and principals.

\* \* \* \* \* \*

(5) Reporting

The Secretary shall report to credit bureaus with respect to loans which have been discharged pursuant to this subsection.

It appears to the court that Section 1087(c) makes no distinction between loans that are in the process of being collected and those reduced to judgment. Indeed, depending upon the judgment rate and plaintiff's annual percentage rate, reducing this debt to judgment may work in plaintiff's favor. Perceiving no procedural pitfall, the court will consider defendant's Motion for Summary Judgment.

There simply is no genuine factual dispute concerning plaintiff's present indebtedness to the United States for a sum certain, that he is in default on such obligation, and that the United States is entitled to the relief it seeks. Summary judgment will be entered in favor of defendant and against plaintiff in the amount of $2,630.78, which includes the principal and interest as of November 29, 1999, plus prejudgment interest thereafter at the rate of eight percent per annum until the date of judgment and post-judgment interest at the rate prescribed by law. Defendant has also requested inclusion in the judgment of the $150 filing fee it incurred in removing this action to federal court. Finding that inclusion of such cost is both just and proper, as provided by 28, United States Code, Section 2412(a)(2) and Section 1914(a), the government's request will be allowed.

## IV. Conclusion

The court has considered carefully the motions and well-reasoned briefs of respective counsel. Having conducted that inquiry, defendant's Motion to Dismiss and Motion for Summary Judgment on defendant's counterclaim will be granted. A judgment consistent with this Memorandum of Decision is entered simultaneously herewith.