In re Raymond D. BARTON, Debtor.

Raymond D. Barton, Plaintiff,

v.

Educational Credit Management Corp., Defendant.

Bankruptcy No. 00–12052.
Adversary No. 00–01095A.

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Sept. 13, 2001.

Terrance P. Leiden, Augusta, GA, for debtor.

A. Stephenson Wallace, Augusta, GA, trustee.

### ORDER

JOHN S. DALIS, Chief Judge.

By motion, Educational Credit Management Corporation ("ECMC") seeks to dis-

miss the complaint of Raymond D. Barton ("Debtor") for failure to state a claim for which relief may be granted under either 20 U.S.C. § 1087 or 11 U.S.C. § 523. Because matters outside the pleadings were offered by the Debtor in their response to the motion to dismiss, I treat the motion to dismiss for failure to state a claim under 20 U.S.C. § 1087 as one for summary judgment under Federal Bankruptcy Rule of Procedure 7056. ECMC is entitled to summary judgment as to any claim asserted under 20 U.S.C. § 1087(c) as no private right of action exists under that provision. ECMC's motion to dismiss based upon a failure to state a claim under § 523(a)(8) is denied. The Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(I) and 28 U.S.C. § 1334.

Defendants' motion to dismiss for failure to state a claim for which relief may be granted is brought under Federal Rule of Civil Procedure (FRCP) 12(b)(6), which applies to bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7012(b). The standard for determination of a FRCP 12(b)(6) motion is that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 102, 2 L.Ed.2d 80 (1957). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

The court may consider facts alleged in the complaint as well as official public records such as a debtor's bankruptcy case file. *Pension Benefit Guar, Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir.1993) (citations omitted); *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) (citations omitted). For purposes of a motion to dismiss, the factual allegations of the complaint are taken as true and are construed favorably to the pleader. *Id.; Solis–Ramirez v. U.S. Dept. of Justice*, 758 F.2d 1426, 1429 (11th Cir.1985). However, conclusions of law asserted need not be accepted as true. The court makes its own determination of legal issues. *Solis–Ramirez*, 758 F.2d at 1429. Finally, "... a Rule 12(b)(6) motion to dismiss need not be granted nor denied in toto but may be granted as to part of a complaint and denied as to the remainder." *Decker v. Massey–Ferguson, Ltd.*, 681 F.2d 111, 115 (2nd Cir.1982) (citations omitted).

The Debtor's complaint sets forth certain grounds for relief based upon the Debtor's attendance at McKenzie College, Edmunson Junior College owned by Phillips College, and NEI Trucking School whereby he utilized student loans to pay for his education and the schools either closed or were unaccredited and Debtor never finished his courses. The last paragraph of the complaint states "[I]f the Court would determine that all or some of these loans are valid, Plaintiff requests that because of hardship that these loans be discharged." I find that the complaint when construed most favorably to the pleader states a claim for which he could be entitled to relief under § 523(a)(8)[1].

---

1. 11 U.S.C. § 523(a)(8) states in pertinent part:
   (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an edu-

Requesting that the educational loans be discharge due to hardship is sufficient notice to ECMC of a § 523(a)(8) issue. Therefore, the ECMC's motion to dismiss is denied in part.

As previously noted I must treat the motion to dismiss for failure to state a claim based upon 20 U.S.C. § 1087(c) as a motion for summary judgment because matters outside of the pleadings were considered. FRBP 7012(b). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure. Under Rule 56, this Court will grant summary judgment only if "...there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of establishing its right of summary judgment. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The evidence must be viewed in a light most favorable to the party opposing the motion. *See Adickes v. S.H.Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

■ The Debtor offered evidence in the form of discharge applications to the Secretary of Education and argues that based upon the failure of the Secretary of Education to respond to his application for discharge, I am authorized to make that determination under 20 U.S.C. § 1087[2]. The Debtor is in error as 20 U.S.C. § 1087 is an exclusive administrative remedy. The case law is clear that no private cause of action is created under 20 U.S.C. § 1087(c) whereby a bankruptcy court can determine whether a debt is discharged under that provision. *Armstrong v. Accrediting Council for Continuing Educ. and Training, Inc.*, 980 F.Supp. 53, 66 (D.D.C.1997); *Scholl v. NSLP (In re Scholl)*, 259 B.R. 345, 349 (Bankr.N.D.Iowa 2001); *Bega v. United States Dep't. of Educ. (In re Bega)*, 180 B.R. 642, 643 (Bankr.D.Kan.1995). The only recourse the Debtor has in this Court is the "undue hardship" exception of § 523(a)(8). *Meling v. United States Dep't. of Educ. (In re Meling)*, 263 B.R. 275, 278 (Bankr. N.D.Iowa 2001) ("unless a debtor proves the "undue hardship" exception provided for in 11 U.S.C. § 523(a)(8) applies, student loan obligations are not dischargeable in bankruptcy."); *Scholl*, 259 B.R. at 349.

cational benefit, scholarship, or stipend, unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.

**2.** 20 U.S.C. § 1087(c) states in pertinent part:
c) Discharge
(1) In general
If a borrower who received, on or after January 1, 1986, a loan made, insured, or guaranteed under this part and the student borrower, or the student on whose behalf a parent borrowed, is unable to complete the program in which such student is enrolled due to the closure of the institution or if such student's eligibility to borrow under this part [20 U.S.C.A. §§ 1071 et seq.] was falsely certified by the eligible institution, or if the institution failed to make a refund of loan proceeds which the institution owed to such student's lender, then the Secretary shall discharge the borrower's liability on the loan (including interest and collection fees) by repaying the amount owed on the loan and shall subsequently pursue any claim available to such borrower against the institution and its affiliates and principals or settle the loan obligation pursuant to the financial responsibility authority under subpart 3 of part G [20 U.S.C.A. §§ 1099c et seq.]. In the case of a discharge based upon a failure to refund, the amount of the discharge shall not exceed that portion of the loan which should have been refunded. The Secretary shall report to the Committee on Education and the Workforce of the House of Representatives and the Committee on Labor and Human Resources of the Senate annually as to the dollar amount of loan discharges attributable to failures to make refunds.

As there is no private right of action under 20 U.S.C. § 1087, ECMC is entitled to summary judgment as to any cause of action asserted under that provision.

Therefore, ECMC's Motion to Dismiss is ORDERED DENIED as to a cause of action asserted under 11 U.S.C. § 523(a)(8) undue hardship. It is further ORDERED that ECMC is GRANTED summary judgement as to any cause of action asserted under 20 U.S.C. § 1087.