**In re Jeffrey Steven GOLDBERG and Melissa Dawn Goldberg, Debtors.**

**No. 02–30217.**

United States Bankruptcy Court, W.D. North Carolina.

Jan. 27, 2003.

Wayne Sigmon, Gray, Layton, Kersh, Solomon, Sigmon, Furr & Smith, P.A., Gastonia, NC, Debtors.

Warren L. Tadlock, Charlotte, NC, trustee.

### ORDER RELATING TO CLAIM OF EDUCATION CREDIT MANAGEMENT CORPORATION

GEORGE R. HODGES, Chief Judge.

This matter is before the court on the debtors' Objection to Claim of Education Credit Management Corporation ("ECMC"), Motion for Turn–Over of Property of the Estate, and Motion for Sanctions. At the hearing on the motions, counsel withdrew the requests for turn-over and for sanctions. The court has concluded that the debtors' objection to ECMC's claim should be sustained for the following reasons:

1. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and the court has jurisdiction under 28 U.S.C. § 1334.

2. The debtors, Jeffrey Steven Goldberg and Melissa Dawn Goldberg filed a Chapter 13 petition with this court on January 23, 2002, and their Chapter 13 plan was confirmed on March 26, 2002. ECMC has filed its proof of claim in this case.

3. In late 1990 or early 1991, Melissa Dawn Goldberg ("Mrs. Goldberg") enrolled at Southern College of Business in Gastonia, North Carolina, for one week. An application for a Stafford Loan was completed for Mrs. Goldberg's educational expenses. The application contains Mrs. Goldberg's signature, but Mrs. Goldberg asserts she signed the document in blank and that it was completed by Southern College without her knowledge.

4. Following Mrs. Goldberg's one week at Southern College of Business, the school closed. The U.S. Department of Education fined the school $231,000 for fraud and misuse of federal financial aid money. Mrs. Goldberg never received a tuition check and never endorsed the check to the school. Once the school closed, Mrs.

Goldberg did not receive any tuition refund, and the school never repaid Mrs. Goldberg's student loan.

5. On or about March 18, 2002, Mrs. Goldberg's student loan was assigned to Educational Credit Management Corporation ("ECMC").

6. On April 12, 2002 the Respondent, ECMC, filed a claim in this case in the sum of $2762.06.

7. A proof of claim is deemed valid and is allowed unless objected to by an interested party. 11 U.S.C. § 502(a); Fed. R. Bankr.P. 3001(f).

8. On August 12, 2002, the debtors timely objected to the claim of ECMC.

9. The court's fundamental function when presented with an objection to claim is to determine the validity of such claim. *In re Dow Corning Corp.,* 215 B.R. 346 (Bankr.E.D.Mich.1997).

10. ECMC asserts that this court does not have jurisdiction to disallow the claim because the debtors have failed to exhaust their administrative remedies under the Higher Education Act of 1965. *Barton v. Educational Credit Management Corp. (In re Barton),* 266 B.R. 922 (Bankr.S.D.Ga.2001). In *Barton* the court held that the debtor could not seek discharge of his student loan under the undue hardship provision of § 523(a)(8) of the bankruptcy code until he had exhausted his administrative remedies for discharge of the loan under the Higher Education Act of 1965, 20 U.S.C. § 1087(c)(1). *Id.*

11. This court does not find *Barton* to be applicable in this matter. Here, the court is presented with a motion for disallowance of a claim whereas, *Barton* addressed a debtor's motion for discharge of a debt. Prior to the determination of a claim's validity, there can be no debt to discharge.

12. Further, *Barton* did not indicate whether a proof of claim had been filed in that case. But, here, ECMC has filed a proof of claim. There is nothing more basic to the role of the bankruptcy court than to determine the validity of a claim. If no valid claim exists, then there is no need to exhaust administrative procedures.

13. Here, it appears that the debtor is, as is ECMC, a victim of Southern College's fraud. As such, there is no legal or equitable basis to hold the debtor responsible for ECMC's loss. While the debtor signed documents, she did not knowingly execute an obligation and she never received any benefit directly nor received any indirect benefit of substance in her one week spent at Southern College. There is a failure of consideration and therefore no obligation of the debtor to ECMC.

14. For these reasons, the court has concluded that the Objection to Claim of ECMC should be sustained.

It is therefore **ORDERED** that:

1. The Objection to Claim of Education Credit Management Corporation ("ECMC") is sustained.

2. The Claim of ECMC is disallowed.

3. The Motion for Turn–Over was withdrawn.

4. The Motion for Sanctions was withdrawn.