[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2011
JOHN LEY
CLERK

No. 11-11189
Non-Argument Calendar
_____

D.C. Docket Nos. 1:10-cv-22256-FAM
1:09-ap-01697-RAM

ADAM WIECKIEWICZ,

Plaintiff-Appellant,

versus

EDUCATION CREDIT MANAGEMENT CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 17, 2011)

Before HULL, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Adam Wieckiewicz, a debtor proceeding pro se, appeals the district court's

dismissal of his bankruptcy appeal because he repeatedly failed to comply with the

bankruptcy court's order directing him to apply for the William D. Ford Program, a federal loan consolidation program under which Wieckiewicz's student loan payments could be as low as $0 per month, depending on his income level.

On appeal, Wieckiewicz argues that the bankruptcy court exceeded the scope of Fed. R. Bankr. P. 7001 when it required him to apply for a consolidation loan during his adversary proceeding, because the only purpose of an adversary proceeding is to determine the dischargeability of a debt. Wieckiewicz contends that a debtor's repayment options are only one factor in determining undue hardship, and eligibility for a consolidation program alone is not enough to determine undue hardship. Wieckiewicz also argues that he was unaware of the Ford Program before he filed the adversary complaint, and that the bankruptcy court should have considered only the efforts he made before he filed the complaint. Finally, Wieckiewicz argues that he established the three prongs of the Brunner test for undue hardship, and that no bankruptcy court has ever coerced a debtor to apply for a loan in order to satisfy the good faith effort requirement under the Brunner test. Brunner v. New York State Higher Educ. Servs. Corp., 831 F.2d 395, 396 (2d Cir. 1987). In sum, Wieckiewicz argues that the bankruptcy court erred in dismissing his complaint when he refused to apply for the consolidation program.

2

When reviewing decisions originating in bankruptcy court and appealed to the district court, we sit as a second court of review, employing the same standards of review as the district court.  In re New Power Co., 438 F.3d 1113, 1117 (11th Cir. 2006).  We review legal conclusions by either the bankruptcy court or the district court de novo and the bankruptcy court's findings of fact for clear error.  In re Fin. Federated Title & Trust, Inc., 309 F.3d 1325, 1328-29 (11th Cir. 2002).  A dismissal for failure to comply with a court's order is reviewed for abuse of discretion.  Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337-38 (11th Cir. 2005).

Under Fed. R. Civ. P. 41(b),[1] a court has authority to dismiss actions for failure to comply with local rules or obey court orders.  Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985).  Also, the power to dismiss a case "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions."  State Exch. Bank v. Hartline, 693 F.2d 1350, 1352 (11th Cir. 1982).  "Inherent power" describes "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389

---

[1]     Fed. R. Civ. P. 41 applies to bankruptcy and adversary proceedings pursuant to Fed. R. Bankr. P. 7041.

3

(1962). However, a federal court may invoke its inherent power only "when necessary to protect its ability to function. This includes more than the power to impose silence, respect and decorum, in its presence, and submission to its lawful mandates; it also encompasses the power to issue orders necessary to facilitate activity authorized by statute or rule." In re Novak, 932 F.2d 1397, 1406 (11th Cir. 1991) (citation, quotations, and alterations omitted; emphasis in original).

We have held that "[i]t is well established that an order duly issued by a court having subject-matter jurisdiction over a case or controversy before it, and personal jurisdiction over the parties to that case or controversy, must be obeyed, regardless of the ultimate validity of the order." Id. at 1400. There are several exceptions to this rule, including: (1) where adequate and effective remedies do not exist for orderly review of the challenged ruling, and (2) where the order is "transparently invalid" or "patently frivolous." Id. at 1401-02.

We have also held that "dismissal with prejudice is such a severe sanction that it is to be used only in extreme circumstances, where there is a clear record of delay or contumacious conduct, and where lesser sanctions would not serve the best interests of justice." Boazman v. Econ. Lab., Inc., 537 F.2d 210, 212 (5th Cir. 1976) (quotations and citations omitted). A lower court's "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally

is not an abuse of discretion." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

The Bankruptcy Code provides that student loans generally are not to be discharged. 11 U.S.C. § 523(a)(8). A narrow exception is made, however, where "excepting such debt from discharge . . . would impose an undue hardship on the debtor and the debtor's dependents." Id. The Bankruptcy Code does not define "undue hardship," but we have adopted the standard set forth in Brunner, 831 F.2d at 396. See In re Cox, 338 F.3d 1238, 1241-42 (11th Cir. 2003). To establish undue hardship, the Brunner standard requires the debtor to prove by a preponderance of the evidence that: (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if forced to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) the debtor has made good faith efforts to repay the loans. Brunner, 831 F.2d at 396.

Wieckiewicz's eligibility under the Ford Program would play a substantial role in whether he would be able to show undue hardship under Brunner. If he qualified for the Ford Program, Wieckiewicz's loan payments could have been reduced to $0 per month, and eventually the loans would be forgiven. On the

5

other hand, if Wieckiewicz did not qualify, the bankruptcy judge indicated a strong likelihood that Wieckiewicz's loan payments were high enough that he would be able to establish undue hardship under Brunner because he would not be able to maintain a minimal standard of living. Defendant produced deposition testimony showing that Wieckiewicz would very likely be eligible for the Ford Program and sent him the forms to apply. After Wieckiewicz repeatedly refused to complete them, the bankruptcy court eventually ordered him to apply for the Ford Program. The record indicates that the bankruptcy court exercised tremendous patience by extending Wieckiewicz's deadline for applying, by conducting an additional hearing to determine his eligibility, by giving repeated explanations to him about why he should apply for the program, by offering to protect him if he incurred any negative effects from applying or if Defendant engaged in any misrepresentation, and by ultimately warning him that failure to apply for the Ford Program would result in dismissal. Defendant even sent him partially-filled application forms and offered to help him complete them. Instead, Wieckiewicz steadfastly maintained that he was not eligible and that the Ford Program would not resolve his loan problems, so he disobeyed the bankruptcy court's order.

6

Wieckiewicz was not free to disregard the order with impunity. As the bankruptcy court noted several times, there existed adequate remedies for Wieckiewicz to obtain review by appealing the order to the district court, rather than ignoring it altogether. See 28 U.S.C. § 158(a)(1) (granting district courts jurisdiction over "judgments, orders, and decrees" of bankruptcy judges). Also, given the considerable importance of Wieckiewicz's eligibility under the Ford Program to the determination of whether he faced undue hardship under Brunner, the bankruptcy court certainly had nonfrivolous reasons to support the order. The bankruptcy court repeatedly exhibited patience by trying to work with Wieckiewicz and gave repeated admonitions that failure to complete the application would ultimately result in dismissal. For these reasons, the bankruptcy court did not abuse its discretion by dismissing Wieckiewicz's complaint with prejudice after he persistently refused to comply with the order. Betty K Agencies, 432 F.2d at 1337-38; Goforth, 766 F.2d at 1535; Moon, 863 F.2d at 837. Accordingly, we affirm the district court's dismissal of Wieckiewicz's bankruptcy appeal.

**AFFIRMED.**[2]

---

[2] Wieckiewicz's Motion for a Court Order regarding the timeliness and service of Educational Credit Management Corporation's response is DENIED.