**In re Christina Fawn KIDD.**

**Christina Fawn Kidd, Plaintiff,**

**v.**

**Student Loan Xpress, Inc. and Xpress Loan Servicing, Defendants.**

**Bankruptcy No. 09–74412–CRM.**
**Adversary No. 09–6507.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 4, 2012.

Peter Charles Lown, Harrington & Lown, Stockbridge, GA, for Plaintiff.

David L. Balser, Long, Aldridge & Norman LLP, Ellen Claire Carothers, McKenna Long & Aldridge LLP, Paul E. Vranicar, Holland & Knight, LLP, Atlanta, GA, for Defendants.

### *ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT*

MARY GRACE DIEHL, Bankruptcy Judge.

This matter is before the Court on Defendants' Motion for Summary Judgment. (Docket No. 76). Defendants seek a judgment that the student debt owing to them is non-dischargeable pursuant to 11 U.S.C. § 523(a)(8) because Christina Fawn Kidd ("Plaintiff") cannot demonstrate that excepting this debt from discharge would impose an undue hardship. Plaintiff opposes the Motion and requested oral argument. (Docket No. 83 & 84). Oral argument on the Motion was held on March 27, 2012. Paul Vranicar appeared as counsel for Defendants, and Peter Lown appeared on behalf of the Plaintiff. At the close of the hearing, Defendants' Motion was granted. This order memorializes the ruling.

### I. Procedural Posture and Jurisdiction

Plaintiff originally initiated this adversary proceedings to determine the dischargeability of her debt. Nine adversary proceedings were eventually consolidated based on common legal issues and facts. (Docket Nos. 35 & 50). Plaintiff's case was designated the lead case. Two actions have been dismissed based on the parties stipulations. Defendants were awarded summary judgment as to six Plaintiffs by separate order. (Docket No. 91). The Motion before the Court is limited to Plaintiff Kidd.

Plaintiff filed a response in opposition to the Motion, and Defendants filed a Reply. (Docket Nos. 83 & 84). Plaintiff did not file a response to Defendants' Statement of Material Facts (Docket No. 77). In accordance with Local Rule 7056–1(a)(2), "[a]ll material facts contained in the [Defendants'] statement that are not specifically controverted in [Plaintiff's] statement shall be deemed admitted."[1] BLR 7056–1(a)(2), N.D. Ga.

Previously, Defendants were awarded partial summary judgment as to two legal issues. (Docket No. 61). In the prior summary judgment order, the debt owed to Defendants was held to be a student loan debt under § 523(a)(8)(A)(i) and, therefore, any defense by Plaintiff was limited to an undue hardship defense. In this Motion, Defendants assert that, based on the undisputed facts in the record, Plaintiff cannot satisfy the undue hardship standard, which is governed by the *Brunner* test in this circuit.

Jurisdiction over this action is set forth in 28 U.S.C. §§ 157(b) and 1334(b). The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and venue is proper.

### II. Facts

The following facts were relied upon in the prior summary judgment ruling and are relevant to the limited issue of the undue hardship defense presented in this Motion. Plaintiff incurred debt to finance her training at Silver State Helicopters,

---

1. Local Rule 7056–1(a)(2) provides in relevant part: "The respondent to a motion for summary judgment shall attach to the response a separate and concise statement of material facts, numbered separately, as to which the respondent contends a genuine issue exists to be tried. Response should be made to each of the movant's numbered material facts. All material facts contained in the moving party's statement that are not specifically controverted in respondent's statement shall be deemed admitted." BLR 7056–1(a)(2), N.D. Ga.

LLC ("Silver State"), a helicopter flight training school. Plaintiff financed the cost of Silver State's flight training program through the Career Xpress Loan Program ("Loan Program"). The Loan Program comprises various governmental, non-profit, and private entity participants. A non-profit entity contributed to funding the Loan Program through its guaranty. Defendants hold or service the loans in the Loan Program.

Plaintiff was enrolled at Silver State for approximately five months before the school closed. At the time Silver State closed, Plaintiff had completed only 18.8 flight hours. To receive the desired helicopter flight certification, a student needs 18 months of training and 200 flight hours.

Plaintiff, along with numerous other former Silver State students, filed a lawsuit against Defendants and other parties in the State Court of Cobb County ("State Court Suit") in 2008. The plaintiffs in the State Court Suit asserted claims relating to the operation and closure of Silver State, including claims for fraudulent misrepresentation, constructive fraud, Georgia RICO, and negligent misrepresentation. The parties executed a confidential settlement agreement ("Confidential Settlement Agreement") to settle all claims in the State Court Suit on December 15, 2008.[2]

The Confidential Settlement Agreement included a release of any and all claims arising out of or relating to the operation or closure of Silver State, including actions against Defendants. The Confidential Settlement Agreement also included a provision assigning all of the plaintiffs' causes of action to SLX. The terms of the Confidential Settlement Agreement contained a specific covenant not to sue, which stated the Plaintiff was prohibited from "commencing, joining in, or voluntarily assisting in a lawsuit or adversary proceeding" against Defendants. In exchange for the above, SLX reduced Plaintiff's debt as specified in the Confidential Settlement Agreement.

In this Motion, Defendants rely on Plaintiff's deposition testimony to support its position that Plaintiff cannot establish that excepting this debt from discharge would impose an undue hardship.

Plaintiff is unemployed, lives with her mother, and has one child. Deposition Transcript at 6, 18–19. She receives child support and financial assistance from her mother and the child's grandparents. *Id.* at 9–11. She receives food stamps and aid from WIC. *Id.* at 27. Since the birth of her child in 2010, Plaintiff has suffered from postpartum depression, anxiety, and loss of sleep. *Id.* at 18 –23. She is seeking professional treatment and is on prescription medication. *Id.*

Plaintiff holds an associates degree in computer animation from the Art Institute of Atlanta. *Id.* at 13. She obtained her real estate license in 2005, but has never had a listing or closed a sale. *Id.* at 12, 17. The license is now expired. *Id.* at 12. Plaintiff has held a variety of retail jobs and has training as a loss prevention specialist. *Id.* at 13–14. Plaintiff's most recent employment was as an exotic dancer until March of 2010. *Id.* at 16. Plaintiff has submitted a few resumes but is not actively looking for employment. *Id.* at 16, 18.

Plaintiff does not have any significant necessary monthly expenses. She has no credit card debt, has no car payment, owes

---

**2.** The parties filed a copy of the Confidential Settlement Agreement under seal. (Docket Nos. 27 & 28). The affidavit of Caroline Johnson Tanner, counsel for SLX in the State Court Suit, authenticates the Confidential Settlement Agreement as a true and correct copy. (Caroline Johnson Tanner Affidavit; Docket No. 47).

no monthly rents, and does not pay for utilities. Defendants' Statement of Facts, ¶ 11. During the period from September 26, 2011 to October 31, 2011, Plaintiff expended more than $750.00 on the following: $165.00 for a storage unit, $139.51 at a photography portrait studio, $100.50 at "Party City" and "Starship Enterprises," $261.78 in restaurant charges, and $115.00 for her cellular telephone bill. *Id.,* ¶ 10.

Plaintiff's bankruptcy Schedule F indicates that student loan debt constitutes approximately 70% of Plaintiff's total unsecured debt. *Id.,* ¶ 12. Plaintiff has never made a payment on her student loans. *Id.,* ¶ 13.

## III. Legal Standard

In accordance with Rule 56 of the Federal Rules of Civil Procedure, applicable to this Court pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure, summary judgment is appropriate only if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). Material facts are those which might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Further, a dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the burden of establishing the right to summary judgment. *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.,* 692 F.2d 1370, 1372 (11th Cir.1982). Once this burden is met, the nonmoving party cannot merely rely on allegations or denials in its own pleadings. Fed.R.Civ.P. 56(e). Rather, the nonmoving party must present specific facts that demonstrate there is a genuine dispute over material facts. *Hairston v. Gainesville Sun Pub. Co.,* 9 F.3d 913, 918 (11th Cir.1993). The "[o]ne who resists summary judgment must meet the movant's affidavits with opposing affidavits setting forth specific facts to show why there is an issue for trial." *Leigh v. Warner Bros., Inc.,* 212 F.3d 1210, 1217 (11th Cir.2000); FED. R. CIV. P. 56(e). Where the nonmoving party bears the burden of proof at trial, the burden can be satisfied if the moving party demonstrates the absence of evidence supporting the nonmoving party's case. *Hickson Corp. v. N. Crossarm Co., Inc.,* 357 F.3d 1256, 1259 (11th Cir.2004). In determining whether a genuine issue of material fact exists, the Court must view the evidence in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Rosen v. Biscayne Yacht & Country Club, Inc.,* 766 F.2d 482, 484 (11th Cir.1985). It remains the burden of the moving party to establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The Bankruptcy Code provides that student loans are presumed to be nondischargeable. 11 U.S.C. § 523(a)(8). A narrow exception is made, however, where "excepting such debt from discharge ... would impose an undue hardship on the debtor and the debtor's dependents." *Wieckiewicz v. Educ. Credit Mgmt. Corp.,* 443 Fed.Appx. 449, 451 (11th Cir.2011). Under § 523(a)(8), the debtor must prove "by a preponderance of the evidence each of the elements needed to establish that repayment of the [student] loans would cause [him/her] undue hardship." *Dewey v. Sallie Mae, Inc. (In re Dewey ),* Nos. 05–00576 and 05–00684, 2008 WL 366004,

at *1 (Bankr.W.D.Tenn.2008). To evaluate undue hardship under § 523(a)(8), the Eleventh Circuit Court of Appeals in *Hemar Ins. Corp. of Am. v. Cox (In re Cox )*, 338 F.3d 1238 (11th Cir.2003), adopted the three-prong test articulated by the Second Circuit Court of Appeals in *Brunner v. New York State Higher Education Services Corp.*, 831 F.2d 395 (2d Cir.1987). To demonstrate undue hardship under Brunner's three-pronged test, a debtor must show:

(1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans;

(2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and

(3) that the debtor has made good faith efforts to repay the loan.

*In re Cox*, 338 F.3d 1238, 1241 (11th Cir. 2003).

Since the debtor carries the burden of proving each element of the *Brunner* undue hardship test, if the debtor fails to prove just one element, the inquiry ends and the student loan will not be discharged. However, the matter before the Court involves a motion for summary judgment. As noted above, the moving party carries the initial burden of proof. The Defendants must show that the undisputed facts preclude Plaintiff from prevailing as to just one prong of the *Brunner* test supporting Plaintiff's undue hardship claim. *See White v. U.S. Dep't. of Educ. (In re White )*, 243 B.R. 498, 506 (Bankr. N.D.Ala.1999).

## IV. Conclusions of Law

Defendants are entitled to judgment as a matter of law based on the undisputed material facts. The facts establish that Plaintiff cannot satisfy all three elements under *Brunner's* undue hardship standard. Under the summary judgment standard, the facts are to be considered in the light most favorable to the non-moving party. With that perspective, Plaintiff's deposition testimony does not conclusively support that no potential fact issues remain regarding Plaintiff's ability to satisfy the first two prongs of the *Brunner* test: (1) that Plaintiff cannot maintain a minimal standard of living for herself and her dependents if forced to repay the loans and (2) that no additional circumstances exist which would cause Plaintiff's situation to likely persist for a significant portion of the life of the loan. Therefore, this ruling, in favor of Defendants, is based on Plaintiff's failure to satisfy the third-prong of the *Brunner* test: that the debtor has made good faith efforts to repay the loan.

A debtor must show that she has made a good faith effort to repay the loan to establish that a non-dischargeability determination would impose an undue hardship. *In re Cox*, 338 F.3d at 1241. The good faith analysis requires the Court to consider the debtor's efforts to obtain employment, maximize income, and minimize expenses. *Educ. Credit Mgmt. Corp. v. Frushour (In re Frushour)*, 433 F.3d 393, 402 (4th Cir.2005). Furthermore, "the debtor may not willfully or negligently cause [her] own default, but rather [her] condition must result from factors beyond [her] reasonable control." *In re Roberson*, 999 F.2d 1132, 1136 (7th Cir.1993) (internal citations omitted). Whether the debtor has made or attempted to make payments is not itself dispositive, but the Court should evaluate the debtor's conduct in the broader context of her entire financial picture. *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1327 (11th

Cir.2007); *Nary v. Complete Source (In re Nary)*, 253 B.R. 752, 768 (N.D.Tex.2000). Where a debtor's student loan debt constitutes a high percentage of the debtor's total debt, courts have found that the debtor has not made a good faith effort to repay the loan. *In re Fabrizio*, 369 B.R. 238, 244 (Bankr.W.D.Pa.2007). "A debtor's effort to seek out options that make the debt repayment obligation less onerous is an "important component" of the good faith inquiry." *Goforth v. United States Dep't of Educ. (In re Goforth)*, 466 B.R. 328 (Bankr.W.D.Pa.2012) (citing *Fabrizio*, 369 B.R. at 245).

■ Here, the undisputed facts show that Plaintiff has not made a good faith effort to repay the loan. She has not actively sought employment since March of 2010. Although her illness may contribute to her inability to find employment, her deposition testimony shows she has not diligently tried to seek employment. *In re Mallinckrodt*, 274 B.R. 560, 568 (S.D.Fla.2002) (finding a debtor's self imposed restricted job search and failure to seek employment evidenced, in part, a lack of good faith effort to repay the debt). Her expenditures for the period September through October of 2011 show some discretionary spending, including storage fees, portrait fees, dining expenses, and entertainment expenses, indicating that she has not taken all efforts to minimize her expenses. Plaintiff has never made a payment on her loan despite incurring these discretionary expenses. While not conclusory, the lack of payment, especially within the context of her other expenditures, evidences a lack of good faith effort to repay the loan. *In re Mosley*, 494 F.3d

at 1327. Additionally, her student loan debt to all unsecured debt ratio is approximately 70%.

Plaintiff has presented no facts that show she sought repayment options other than litigation. Indeed, after receiving a substantial reduction on the debt owing, as a result of the State Court Suit and Confidential Settlement Agreement, Plaintiff did not make any payment on the reduced debt. Instead, she filed bankruptcy and this adversary action, seeking to avoid all payment on this debt. These facts taken together, without Plaintiff providing evidence to put these facts in dispute, entitle Defendants to judgment as a matter of law as to this element of the *Brunner* undue hardship standard.

■ Plaintiff's opposes Defendants' Motion on two separate bases. First, Plaintiff asserts a legal argument that the application of the *Brunner* test for undue hardship is unjust in this context. Specifically, Plaintiffs argue that the closure of Silver State before Plaintiff obtained an educational benefit from the training should disqualify this debt as student loan debt, and, as such, § 523(a)(8) should not apply. Based on the prior summary judgment ruling in this case, this debt qualifies as student loan debt because Defendants established that the Loan Program met the statutory requirements provided in § 523(a)(8)(A)(i). Therefore, there is no legal basis to stray from the undue hardship exception provided in the statute.[3] *In re Cox*, 338 F.3d at 1243. Additionally, the Eleventh Circuit does not provide any exception from application of the three-

---

**3.** "Because the specific language of § 523(a)(8) does not allow for relief to a debtor who has failed to show undue hardship, the statute cannot be overruled by the general principles of equity contained in § 105(a). To allow the bankruptcy court, through principles of equity, to grant any more or less than what the clear language of § 523(a)(8) mandates would be tantamount to judicial legislation and is something that should be left to Congress, not the courts." *In re Cox*, 338 F.3d at 1243.

pronged *Brunner* test in determining undue hardship.

The Court's prior summary judgment ruling did not foreclose Plaintiff's ability to raise any facts relevant under the *Brunner* test, including the effect of Plaintiff's failure to obtain the flight certification based on the premature closing of Silver State. The prior summary judgment ruling explicitly noted how the closure of Silver State could be relevant:

> Any facts relevant to the Brunner test are not barred. For example, Plaintiff has a right to assert that Silver State's closing prevented her from attaining her certification. That fact is relevant to Plaintiff's current income and her opportunities for employment. Also, some courts have considered the premature closing of the educational provider within Brunner's good faith requirement. *E.g., Bedra v. Direct Loan Serv. Sys. (In re Bedra)*, 405 B.R. 461 (Bankr. N.D.Ohio 2008). In *Bedra*, the court explained that:
>
> > The requirement of good faith, as set forth in the Brunner Test, is sufficiently malleable to cover a wide array of conditions. However, the premature closure of a debtor's school is but one factor for a court to consider, and in this matter, cannot stand against those concerns already mentioned, particularly the Debtor's lack of serious effort to repay her student loan.
>
> *Id.* at 465 (quoting *In re Gregory*, 387 B.R. 182, 189 (Bankr.N.D.Ohio 2008)).

(Docket No. 61, pg. 17–18). Plaintiff does not attempt to use the closure of Silver State in this context. Instead, she asserts *Brunner* should be wholly inapplicable for equitable reasons. In this circuit, there is no legal basis to support this argument.

Further, the caselaw Plaintiff cites in support of her argument is limited to cases where the *Brunner* standard is not applicable. Specifically, the court in *In re Law*, states that "it adopts a case-by-case approach that is fact-sensitive to the unique aspects of the case." *In re Law*, 159 B.R. 287, 292 (Bankr.D.S.D.1993). The other case relied upon by Plaintiff is *In re Goldberg*. In *Goldberg*, no standard for undue hardship is discussed. *In re Goldberg*, 297 B.R. 465 (Bankr.W.D.N.C. 2003) (sustaining debtor's objection to claim based on fraud).

Second, Plaintiff asserts that a material dispute of fact exists as to the amount of the debt owing. The amount of the debt is not a material fact. Plaintiff has failed to demonstrate why the amount of the debt would change the non-dischargeability analysis under *Brunner's* undue hardship standard. Additionally, Defendants are not seeking a monetary judgment against Plaintiff. The requested relief is limited to a non-dischargeability determination. Plaintiff's ability to contest the amount of the debt in the proper forum is not foreclosed by this ruling.

Defendants have established that they are entitled to judgment as a matter of law. The undisputed, material facts, considered in the light most favorable to the non-moving party, demonstrate that Plaintiff cannot satisfy the undue hardship standard because she has presented no evidence to contradict the factual record which shows that she has not made a good faith effort to repay the loan. Therefore, Plaintiff's debt is non-dischargeable pursuant to § 523(a)(8). Accordingly, it is

**ORDERED** that Defendants' Motion for Summary Judgment is hereby **GRANTED.**

A separate order will be entered in favor of Defendants contemporaneously with the entry of this Order.

The Clerk is directed to serve a copy of this Order to the parties on the attached distribution list.